United States District Court
Southern District of Texas

**ENTERED**

October 19, 2017

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANCISCO  OLEVERA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-114 |
| | § | |
| WARDEN HENSON, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Francisco Olevera[1] is in the custody of the federal Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Three Rivers, Texas.  Proceeding *pro se*, Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on March 20, 2017.[2]  He claims that his sentence should be vacated because he should not have been classified as a career offender.  Respondent filed a motion to dismiss on July 21, 2017 (D.E. 15) to which Petitioner did not respond.  As discussed more fully below, it is recommended that Respondent's motion be granted and Petitioner's cause of action for habeas relief be dismissed without prejudice for lack of jurisdiction.

## JURISDICTION

---

[1] From looking at other documents in the record, it appears that the correct spelling of Petitioner's last name is "Olvera" rather than "Olevera."  However, because it is spelled as "Olevera" in the style of the original petition, it has been docketed that way.

[2] Although Petitioner did not state under penalty of perjury that he placed his petition in the prison mail system on March 20, 2017, he did state that all requirements for service of process were fulfilled on that day.  *See Spotville v. Cain*, 149 F.3d 374 (1998), and Rule 3 of the Rules Governing Habeas Cases.  Because he could not have filed it earlier than March 20, 2017, it is considered filed as of that date.

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is appropriate in this court because Petitioner is incarcerated in the Southern District of Texas. *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). *See also Padilla v. United States*, 416 F.3d 424, 426 (2005)(custodial court has jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via savings clause of § 2255).

## BACKGROUND

On March 11, 2008 Petitioner pleaded guilty in the Laredo Division of the United States District Court for the Southern District of Texas to one count of conspiracy to possess with intent to distribute a quantity in excess of 100 kilograms of marijuana.  A second count of possession with intent to distribute a controlled substance was dismissed. *See Judgment in United States v. Olvera*, Case Number 5:07-CR-01711-02 (S.D. Tex. 2008)(located herein at D.E. 15-2).[3]  The guilty plea was made pursuant to a plea agreement in which Petitioner waived his right to appeal the sentence or the manner in which it was imposed.  He also waived his right to collaterally attack his sentence via a 28 U.S.C. § 2255 petition (D.E. 66-67 in *Olvera,* 5:07-CR-01711-02).

Earlier in the criminal proceedings, the Government had filed a notice of prior conviction pursuant to Title 21 U.S.C. § 851, alleging that in 2000, Petitioner had been convicted of third-degree felony possession of five to fifty pounds of marijuana in a Texas state court (D.E. 47 in *Olvera,* 5:07-CR-1711).  Prior to sentencing, the United

---

[3] Respondent included some of the pleadings from Petitioner's underlying criminal case as attachments to the motion to dismiss. When a pleading is included in the instant case, it is identified simply as "D.E. XX"  When a pleading is found only in the underlying criminal case, it is identified as "D.E. XX in *Olvera,* 5:07-CR-1711."

States Probation Office prepared a Presentence Investigation Report (PSR) and noted the Government's enhancement. PSR at p. 3 (located herein under seal at D.E. 16 at p. 4). In the PSR it also was noted that Petitioner had twice been convicted of felony aggravated assault in state court. PSR at pp. 10, 14 (D.E. 16 at pp. 11, 15). Based on the convictions, the Probation Office categorized Petitioner as a career offender within the meaning of U.S.S.G § 4B1.1(b)(A) and determined that his offense level was 37 under U.S.S.G. § 4B1.1(b)(A). PSR at p. 9 (D.E. 16 at p. 10). The offense level was reduced to 34 based on Petitioner's acceptance of responsibility. PSR at p. 10 (D.E. 16 at p. 11).

The statutory minimum sentence under 21 U.S.C. § 851 and 21 U.S.C. § 841(b)(1)(B) was ten years. The guideline range for incarceration was 262 months to 327 months. PSR at p. 19 (D.E. 16 at p. 20). Petitioner was sentenced on September 25, 2008 and the court departed downward, assessing a 240-month sentence to be followed by an eight-year term of supervised release (D.E. 96 in *Olvera*, 5:07-CR-1711). Petitioner did not file a direct appeal.

On January 13, 2014 Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He argued that the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), established that any fact that increases a mandatory minimum sentence for a crime is an element of the crime and not a sentencing factor and must be submitted to a jury. The sentencing court denied the motion, finding that *Alleyne* upheld the narrow exception that the fact of a prior conviction does not need to be submitted to a jury (D.E. 113 in *Olvera*, 5:07-CR-1711). The court also declined to issue a certificate of appealability (D.E. 114 in *Olvera*, 5:07-CR-1711). Petitioner filed a

3 / 12

notice of appeal with the Fifth Circuit Court of Appeals on March 31, 2014 and the court denied him a certificate of appealability on September 5, 2014 (D.E. 116 and 118 in *Olvera*, 5:07-CR-1711).

On April 25, 2016 Petitioner sent a letter to the sentencing court which was construed as a motion for retroactive application of sentencing guidelines pursuant to 18 U.S.C. § 3582.  Petitioner asked if he qualified for a two-point reduction to his sentence and also whether he was entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2014).  The court denied the motion, finding that Amendment 782 to the sentencing guidelines did not apply to Petitioner because he was sentenced under U.S.S.G. § 4B1.1 and not under the Drug Quantity Table found at U.S.S.G § 2D1.1.  The court also found that *Johnson* did not apply to Petitioner (D.E. 124, 125, 126 in *Olvera*, 5:07-CR-1711).

Petitioner next sought permission from the Fifth Circuit Court of Appeals to file a second or successive § 2255 motion based on the *Johnson* case.  On September 29, 2016, the Fifth Circuit denied the motion because Petitioner had not made the requisite showing.  The court cited *In re Arnick*, 826 F.3d 787, 788 (5th Cir. 2016), for its holding that *Johnson* does not apply to defendants sentenced under U.S.S.G. § 4B1.2 (D.E. 133 in *Olvera*, 5:07-CR-1711).

Petitioner filed the instant action on March 20, 2017.  He asserts that his cause of action falls within the savings clause of 28 U.S.C. § 2255(e) because his sentence was enhanced by a prior conviction that the Supreme Court has since held is not a predicate offense and that he is barred from challenging the sentence by bringing a successive §2255 cause of action in the sentencing court.

In his motion to dismiss, Respondent contends that because Petitioner is challenging the validity of his conviction and sentence, rather than the execution of the sentence, this court lacks jurisdiction to hear it.  Respondent further argues that Petitioner has not met the prerequisites to bring a claim under the savings clause of § 2255.

## APPLICABLE LAW

### A.  28 U.S.C. § 2241 and 2255

A § 2255 motion provides the primary means of collateral attack on a federal sentence.  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing.  *Id.*  A § 2255 motion must be filed in the sentencing court.  *Id.*  A § 2241 motion typically is used to challenge the manner in which a sentence is executed.  *Reyes-Requena v. United* States, 243 F.3d 893, 900 (5th Cir. 2001).  A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion.  *Pack*, 218 F.3d at 452.

Under some circumstances, a petitioner may bring a claim under § 2241 pursuant to the savings clause of § 2255.  A petitioner can invoke the savings clause by showing that § 2255 is inadequate or ineffective to test the legality of his conviction.  *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000)(per curiam).  The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it*

*also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e)(emphasis added).

A petitioner must satisfy a two-prong test before the savings clause can be invoked to address errors occurring at trial or sentencing in a petition filed under § 2241.  The Fifth Circuit has explained the test as follows:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.  Under these circumstances, it can be fairly said, in the language of the savings clause, that the 'remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention.'  Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

*Reyes-Requena,* 243 F.3d at 904 (italics in original)(citing *Pack,* 218 F.3d at 452).  Section 2241 is not a mere substitute for § 2255 and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective.  *Id.* at 901 (citing *Pack,* 218 F.3d at 452; *Kinder v. Purdy,* 222 F.3d 209, 214 (5th Cir. 2000)).  Notably, a § 2255 motion is not inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under the Anti-Terrorism and Effective Death Penalty Act.  *Pack,* 218 F.3d at 452-453.  Similarly, the procedural barrier of a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.  *Id.* at 453.

Petitioner argues that he is entitled to bring this action via a § 2241 petition pursuant to the savings clause of § 2255 because it is the only means by which he can

raise his argument regarding his sentence enhancement.   He claims that he is entitled to

relief based on the Supreme Court's holding in *Mathis v. United States*, 136 S.Ct. 2243

(2016) and the Fifth Circuit case of *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

### B.  Use of Prior Convictions for Sentence Enhancement

In *Mathis*, the Supreme Court examined the use of prior convictions to enhance

sentences under the Armed Career Criminal Act (ACCA).   The Court first noted that its

decisions have held that a prior crime qualifies as an ACCA predicate if, but only if, the

elements are the same as, or more narrow than, those of the offense as commonly

understood, i.e., the generic offense.   The issue in *Mathis* was whether the ACCA made

an exception to that rule when a defendant was convicted under a statute that lists

multiple, alternative means of satisfying one or more of its elements.  *Id.* at 2247-2248.

In determining whether a prior conviction is included within an offense defined or

enumerated in the federal sentencing guidelines, courts generally have looked only to the

elements of the prior offense and not to the actual conduct of the defendant in committing

the offense, which is known as the categorical approach.   *Hinkle*, 832 F.3d at 572.

However, if a statute is divisible, i.e., if it sets out one or more elements of the offense in

the alternative, a court may use the modified categorical approach, and consult a limited

class of documents, such as indictments, or jury instructions, to determine which

alternative formed the basis of the defendant's prior conviction.   *Id.* at 573 (citing

*Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013)).

In *Mathis*, the Supreme Court looked at an Iowa burglary statute that was used to

enhance a federal sentence.  The generic burglary statute required unlawful entry into a

7 / 12

"building or other structure."  *Mathis*, 136 S.Ct. at 2250 (citing *Taylor v. United States,* 495 U.S. 575, 598 (1990)).   The Iowa burglary statute described entry into additional places:  any building, structure, *[or] land, water, or air vehicle.*"  *Id.* (citing Iowa Code § 702.12 (2013))(emphasis added in *Mathis*).

> The first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means.  If they are elements, the court should do what we have previously approved:  review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction, and then compare that element (along with all others) to those of the generic crime. . . .  But if instead they are means, the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution.  Given ACCA's indifference to how a defendant actually committed a prior offense, the court may ask only whether the *elements* of the state crime and generic offense make the requisite match.

*Mathis*, 136 S.Ct. at 2256 (emphasis added).  The Court looked at Iowa court decisions discussing the burglary statute and found that the Iowa State Supreme Court held that burglary statute set out alternative methods of committing one offense.  *Id.*  The Court concluded that because the elements of the Iowa burglary statute were more broad than those of generic burglary, the conviction under the law could not be considered for enhancement purposes under the ACCA.  *Id.* at 2257.

In *Hinkle*, which was a case on direct appeal, the Fifth Circuit applied *Mathis* to decide whether a conviction under Texas Health and Safety Code § 481.112(a) could be considered a "controlled substance offense" for the purpose of enhancing a sentence under the Career Offender Guideline provision found at U.S.S.G. § 4B1.1.  The court analyzed the sentencing guideline provision together with Tex. Health & Safety Code § 481.112(a).   The court looked at how Texas courts have construed the controlled

substance statute and determined that § 481.002(8)'s listed methods of delivery, including

offering to sell a controlled substance, are alternative ways of satisfying the element of

"delivery," rather than alternative elements of separate crimes. *Hinkle*, 832 F.3d at 575-

576 (citing *Lopez v. State*, 108 S.W.3d 293 (Tex. Crim. App. 2003)).   Because "offering

to sell" is not part of the definition of "controlled substance offense" in the guidelines, the

Fifth Circuit concluded that the state statute "'criminalized a greater swath of conduct

than the elements of the relevant [Guidelines] offense.'" *Id.* at 576 (quoting *Mathis*, 136

S.Ct. at 2251).   Thus, it could not serve as a predicate offense under the Career Offender

Guideline provision.

Petitioner in this case has two prior convictions for aggravated assault in violation

of Texas Penal Code § 22.02(a).   He argues that analyzing the prior convictions using the

approach described in *Mathis* will show that the offenses cannot be considered "crimes of

violence" for purposes of enhancement of his federal sentence.   Petitioner cites *United*

*States v. Cortez-Rocha*, 552 Fed. Appx. 322 (5th Cir. 2014), and *United States v.*

*Barcenas-Yanez*, 826 F.3d 752 (4th Cir. 2016), in support of his argument.   He claims

that like *Hinkle*, both of those cases have held that a prior conviction for aggravated

assault under the Texas Penal Code cannot serve as a predicate offense for purposes of

enhancing his federal sentence.

It is unclear whether either of those cases would have afforded Petitioner the relief

he seeks had he been able to raise the argument on direct appeal and Respondent does not

address that issue.[4]  However, this Court cannot reach Petitioner's argument because it is without jurisdiction to hear Petitioner's claim.  A petitioner can avail himself of the savings clause under § 2255 only when his claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and the claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Neither *Cortez-Rocha* nor *Barcenas-Yanez* are Supreme Court decisions and therefore, do not satisfy the first criterion.

Nor can this Court proceed with an independent analysis under *Mathis*, because *Mathis* did not set forth a new rule of constitutional law and has not been made retroactively applicable on collateral review.  *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016)(*per curiam*); *Jones v. United States*, Nos. A-17-CA-353-SS, A-08-CR-247-SS, 2017 WL 2365255 at *2 (W.D. Tex, May 30, 2017)(multiple courts in Fifth Circuit have

---

[4] Petitioner's convictions for aggravated assault occurred in 1993 and 2000, under two different versions of the statute.  In *United States v. Villasenor-Ortiz*, 675 Fed. Appx. 424, 428 n. 8 (5th Cir. 2017), the Fifth Circuit noted that it has held that earlier versions of the Texas aggravated assault statute cover conduct that falls outside of the scope of generic aggravated assault, citing *United States v. Sanchez-Sanchez*, 779 F.3d 300, 303, 305 & n. 18 (5th Cir.), *cert. denied*, 135 S.Ct. 2911 (2015), which analyzed the 1988 version of the statute, and *United States v. Fierro-Reyna*, 466 F.3d 324, 326, 329-330 (5th Cir. 2006) which analyzed the 1974 version of the statute. The *Villasenor-Ortiz* court expressed no opinion as to whether *Mathis* would have any effect on the earlier versions of the statute and analyzed only the version of the statue effective September 1, 1994. *Villasenor-Ortiz*, 675 Fed. Appx. at 427 n. 7.  The court also acknowledged that in *Barcenas-Yanez*, the Fourth Circuit found that under the categorical approach, the Texas aggravated assault statute which permitted the assault to be committed "recklessly" did not qualify as a crime of violence for purposes of enhancing a federal sentence for illegal reentry, but disregarded the holding because it conflicted with Fifth Circuit precedent in *United States v. Guillen-Alvarez*, 489 F.3d 197, 198-201 (5th Cir. 2007). *Villasenor-Ortiz*, 675 Fed. Appx. at 428 n. 10.

noted that *Mathis* did not set out a new rule of constitutional law made retroactive to cases on collateral review); *Getachew v. Harmon*, No. 3:17-CV-224-D-BN, 2017 WL 2348834 (N.D. Tex, March 27, 2017)(*Mathis* did not announce a new rule and courts applying *Mathis* have reached same conclusion).

### C. Actual Innocence

To the extent Petitioner argues that he is actually innocent of the bases for the enhancement used by the district court when it sentenced him, "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011). Because this District Court lacks jurisdiction to hear Petitioner's claim based on *Mathis* or *Hinkle*, his cause of action should be dismissed without prejudice.

### D. Waiver of Right to Collaterally Attack Sentence

Finally, Respondent asserts that Petitioner waived the right to collaterally attack his sentence as part of his plea agreement and the record reflects that this is correct. Nevertheless, because it is recommended that Petitioner's cause of action be dismissed for lack of jurisdiction, no recommendation is made regarding the effect of Petitioner's waiver on his attempt to bring this claim as a § 2241 action.

### RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion to Dismiss (D.E. 15) be GRANTED. Petitioner's habeas corpus cause of action brought pursuant to 28 U.S.C. § 2241 should be DISMISSED without prejudice because this

11 / 12

Court lacks jurisdiction to hear it.  If Petitioner wishes to proceed, he may return to the Fifth Circuit and seek permission to file a successive § 2255 petition.

Respectfully submitted this 18th day of October, 2017.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).